**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRACHON CARSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MARKHAM, an Illinois, a municipal corporation,<br><br>Defendant. | ) | 24-cv-00725 |
| SAMMIE JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MARKHAM, an Illinois, a municipal corporation,<br><br>Defendant. | ) | 24-cv-01596 |

**RELEASE AND SETTLEMENT AGREEMENT**

## I. PARTIES

This Release and Settlement Agreement (Settlement Agreement) is entered into and effective on the date set forth herein by and between the following Parties, in both cases captioned above, as set forth below:

1.0 "Plaintiffs" shall mean and refer to TRACHON CARSON (Carson) and SAMMIE JACKSON (Jackson) including and for their respective past, present, and future agents, attorneys, insurers, representatives, predecessors, successors, executors, heirs and assigns and all other persons, firms, entities, or corporations with which any of the foregoing have been, are now or may hereinafter be affiliated and/or that have acted, are now acting or may hereinafter act on their behalf (collectively, "Plaintiffs"); and

1.1 "Defendant" shall mean and refer to the CITY OF MARKHAM, a Municipal Corporation (City) including and for its past, present, and future agents, attorneys, directors, officers, owners, shareholders, insurers, reinsurers, employees, representatives, parent companies, joint venture partners, administrators, third party administrators, successors, partnerships, subsidiaries, predecessors, elected officials, appointed officials, brokers, affiliates, City board, City board members in their official and individual capacities, heirs, executors,

and assigns, and all other persons, firms or corporations with which any of the foregoing have been, are now, or may hereafter be affiliated and/or that have acted, are now acting or may hereinafter act on their behalf (collectively, "Defendant").

## II. RECITALS

2.0 "Parties" shall refer to both of the Plaintiffs and the Defendant, collectively, the definitions of "Plaintiffs" and "Defendant" being incorporated herein by reference and expressly being made part of this Settlement Agreement. "Parties", used either singularly or collectively, shall also be interpreted to include each of the Parties' respective past, present, and future agents, attorneys, directors, officers, owners, shareholders, insurers, reinsurers, employees, representatives, parent companies, joint venture partners, administrators, third party administrators, successors, partnerships, subsidiaries, predecessors, elected officials, appointed officials, brokers, affiliates, boards, board members, executors, heirs, and assigns, in their official and individual capacities, and all other persons, firms, or corporations with which any of the foregoing have been, are now, or may hereinafter be affiliated.

2.1 Plaintiffs each sued Defendant in the Circuit Court of Cook County, Illinois, Municipal Department, Sixth Municipal District, under case numbers 2023 M6 012106 (by Carson) and 2023 M6 012526 (by Jackson), alleging that in the process of towing Carson's vehicle on October 20, 2022, both Plaintiffs' civil rights were violated by City police officers. These State Court cases were removed to the United States Federal Court on: January 26, 2024, under case number 24-cv-00275(re Carson); and February 26, 2024, under case number 24-cv-01596 (re Jackson) (collectively, "State and Federal Litigation").

## III. AGREEMENT

The Parties agree as follows:

3.0 **Affirmation of Recitals**

The recitals set forth above are a part of this Settlement Agreement, are not mere recitals, and are incorporated herein by reference.

4.0 **Release and Discharge**

4.1 In consideration of the payment set forth herein, Plaintiffs hereby fully and completely release, acquit, and forever discharge Defendant from any and all past and present claims, demands, obligations, actions, causes of action, rights, liabilities, losses, damages, costs, fees, attorney's fees, liens, expenses, interest, and requests for compensation of any kind, under State or Federal law, whether based in contract, at law, in tort, in equity, or any theory of recovery, whether known or unknown, anticipated or unanticipated that Plaintiffs ever had, has, or presently may have against Defendant arising from the beginning of time up to and including the date of this Settlement Agreement, including any demands, obligations, actions, causes of action, rights, liabilities, losses, damages, costs, fees, attorney's fees, liens, expenses, interest, and requests for compensation of any

kind, under State or Federal law, whether based in contract, at law, in tort, in equity, or any theory of recovery, arising from and/or relating to the State and Federal Litigation, including but not limited to those matters that are the subject of the State and Federal Litigation, and all related pleadings, claims for damages or relief of any description which Plaintiffs have and/or may have arising out of or during the course of Plaintiffs' interactions with Defendant, whether known or unknown, anticipated or unanticipated, including the date of this Settlement Agreement, including without limitation any and all claims for damages or relief of any description under: (a) Section 1983 of the Civil Rights Act of 1964; (b) The Civil Rights Act of 1991; (c) The Civil Rights Act of 1866 (42 U.S.C. Section 1981 as amended); (d) any tort action, including without limitation any action for assault, battery, defamation, slander, physical injury (including past and future pain and suffering and past and future medical expenses), outrageous conduct, or negligent or intentional infliction of emotional distress; and (f) any claim for attorney's fees made pursuant to any State or Federal law or statute.

4.2 Plaintiffs acknowledge that they were advised and/or are hereby advised in writing to consult with an attorney of their choosing before executing this Settlement Agreement. Plaintiffs further acknowledge that they have been provided reasonable time within which to consult with an attorney of their choosing to consider this Settlement Agreement.

4.3 This Settlement Agreement shall apply to the Parties' respective past, present, and future agents, attorneys, directors, officers, owners, shareholders, insurers, representatives, employees, reinsurers, parent companies, joint venture partners, partnerships, predecessors, administrators, successors, subsidiaries, elected officials, appointed officials, brokers, affiliates, City board, City board members, executors, heirs, and assigns and all other persons, firms, or corporations with which any of the foregoing have been, are now, or may hereafter be affiliated.

4.4 This Settlement Agreement shall constitute a fully binding and complete settlement among the Parties.

4.5 Plaintiffs expressly assume the risk of any and all claims for damages that exist as of the date of executing this Settlement Agreement, including those that they do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and that, if known, would materially affect each Parties' decision to enter into this Settlement Agreement. The Parties further agree that Plaintiffs have accepted payment of the sum specified herein as a complete compromise of matters involving disputed issues of law and fact.

4.6 No promise or inducement which is not herein expressed has been made to the Parties and, in executing this Settlement Agreement, the Parties do not rely upon any statement or representation made by any of the Parties or any agent, or any other person representing the undersigned or any of them, concerning the nature, extent, or duration of said damages (or concerning losses or liability therefor).

5.0 **Payment and Other Terms**

In consideration of the Settlement Agreement, the Parties agree to the payment of a certain amount as outlined below:

5.1 In consideration of entering into this Settlement Agreement, City agrees to pay to the Plaintiffs a total sum of two thousand fifty and no/100 dollars ($2,050.00). Said payment shall be made payable only to Trachon Carson but shall be paid to and accepted on behalf of both Plaintiffs herein.

5.2 Further, in consideration of the payment stated herein, Plaintiffs agree to dismiss both their respective cases in their entirety with prejudice and without leave to re-file.

6.0 **Attorneys' Fees**

The Parties shall bear their own respective attorneys' fees and costs arising from the actions of their own respective attorneys in connection with the State and Federal Litigation and this Settlement Agreement, and the matters and documents referred to herein, including the dismissal with prejudice of the claims, and all other related matters arising out of this Agreement and the State and Federal Litigation. Plaintiffs, Trachon Carson and Sammie Jackson, both expressly agree to waive any and all claims for attorneys' fees and costs.

7.0 **Representation of Comprehension of Document**

In entering into this Settlement Agreement the Parties represent that: a) they have had the opportunity to consult attorney(s) and certified public accountant(s) of their own respective choosing concerning the legal and tax consequences of this Settlement Agreement; b) that the terms of this Settlement Agreement have been completely read by them and that they have had the opportunity to have these terms explained to them by their respective attorneys; and c) that they fully understood and voluntarily accept the terms of this Settlement Agreement.

8.0 **Warranty of Capacity to Execute Settlement Agreement**

Plaintiffs represent and warrant that: a) no other person or entity has, or had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement (except as otherwise might be set forth herein); b) Plaintiffs each have the sole right and exclusive authority in their respective cases to execute this Settlement Agreement and receive the sum specified herein; and c) Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the said claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

9.0 **Disputed Claim Provision**

It is expressly understood and agreed that Defendant has not, will not, and does not admit any wrongdoing and/or liability towards and/or against either of the Plaintiffs and that in entering into this Settlement Agreement, Defendant has not, will not, and does not admit

any wrongdoing and/or liability towards and/or against either of the Plaintiffs, Defendant expressly denying any wrongdoing towards and/or liability to either of the Plaintiffs and persisting in that denial. It is expressly understood and agreed that the Settlement Agreement addressed herein is the compromise of disputed claims, and that this settlement and the payment addressed herein are not to be construed as an admission of liability on the part of Defendant, or used in any legal, administrative, equitable or any other proceeding as an admission of liability and/or coverage on the part of Defendant, and that Defendant denies any and all wrongdoing and/or liability to either of the Plaintiffs for any State and Federal Litigation and under any theory of recovery whatsoever, and intends merely to avoid litigation and to buy its peace.

10.0 **Governing Law**

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois.

11.0 **Entire Agreement and Successors in Interest**

This Settlement Agreement contains the entire agreement by and between the Parties with regard to the matters set forth in it, and arising out of the State and Federal Litigation and shall be binding upon, and inure to the benefit of, their respective past, present, and future agents, attorneys, directors, officers, owners, shareholders, insurers, reinsurers, employees, , parent companies, joint venture partners, representatives, administrators, third party administrators, successors, partnerships, subsidiaries, predecessors, elected officials, appointed officials, brokers, affiliates, City board, City board members, assigns, and all other persons, firms, or corporations with which any of the foregoing have been, are now, or may hereafter be affiliated and/or acted, now acts, or may hereinafter act on their behalf.

12.0 **Effectiveness**

This Settlement Agreement shall become effective immediately on the date of execution by the Parties.

13.0 **Counterparts**

This Settlement Agreement may be executed in counterparts. Each such counterpart shall be considered an original. All such counterparts shall constitute a single agreement binding upon the parties as if each had signed a single document. A fully executed copy of this Settlement Agreement shall have the same force and effect as the original.

14.0 **Indemnity**

It is the purpose and intention hereof that Defendant shall not, either directly or indirectly, under any devise, form of action or proceeding, present or future, be liable for or required to make any further payment of any monies in any way, to any party, person or entity, arising out of or relating to, in any way the matters released hereby.

14.1 Plaintiffs, by executing this document and receiving the payment outlined herein, each warrant, agree, and promise to defend, indemnify, and hold harmless (including attorneys' fees, costs and penalties) Defendant against any claims and/or causes of action made by either of Plaintiffs' heirs, executors, administrators, and assigns, or by any person or entity purporting to state a claim or cause of action on behalf of either of the Plaintiffs or their respective estate, or other businesses, corporations, companies, partnerships, medical establishments, entities, or individuals claiming liens against the proceeds of this settlement. Further, Plaintiffs hereby acknowledge responsibility for payment of all liens in their respective cases, both known and unknown, and agree that the indemnity set out herein shall encompass any such liens.

**THIS IS A COMPLETE AND FINAL RELEASE OF ALL CLAIMS. BY SIGNING THIS DOCUMENT, YOU ARE FOREVER GIVING UP SUBSTANTIAL RIGHTS. FULLY READ AND UNDERSTAND THIS AGREEMENT BEFORE SIGNING. BY SIGNING BELOW YOU EXPRESSLY WARRANT THAT YOU HAVE THE LEGAL AUTHORITY TO EXECUTE THIS DOCUMENT AND BE FULLY BOUND THEREBY AND/OR BIND THE ENTITY ON WHOSE BEHALF YOU SIGN THERETO.**

Witness her hand and seal this ____ day of ~~April~~, 2024.

________________________________
Plaintiff, Trachon Carson

________________________________
Plaintiff, Sammie Jackson